**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BARTLE SIPHO KHOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-01032 (UNA) |
| v. | ) | |
| | ) | |
| MOULTRIE COURTHOUSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint

("Compl."), ECF No. 1, against the H. Carl Moultrie Courthouse of the Superior Court of the

District of Columbia and one of its security guards, *see id.* at 1–4, and plaintiff's application for

leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  The court grants plaintiff's IFP

application, and for the reasons explained below, this case is dismissed without prejudice.  *See* 28

U.S.C. §1915(e)(2)(B)(ii)–(ii); Fed. R. Civ. P. 12(h)(3).

At the outset, the court notes that plaintiff has not provided his address or his telephone

number, as required.  The Local Rules of this court state that

> The first filing by or on behalf of a party shall have in the caption the name
> and full residence address of the party. If the party does not wish its full
> residence address to appear on the public docket, it shall omit the address
> and simultaneously file under, it shall omit the address and simultaneously
> file under seal a notice containing its full address, which notice shall be
> available only to the Court and the opposing party. If the party is appearing
> *pro se*, the caption shall also include the party's telephone number, unless
> the *pro se* party wishes to include that in its sealed filing. Those filing pro
> se *in forma pauperis* must provide in the caption the name and full
> residence address or official address of each defendant. Failure to provide
> the address information within 30 days of filing may result in the dismissal
> of the case against the defendant.

D.C. LCvR 5.1(c)(1).

Plaintiff indicates that he is currently unhoused, *see* Compl. at 1, and while court is certainly understanding of his circumstances, without an at least some type of address, and particularly given his *pro se* status, it makes it virtually impossible for the court to communicate with him regarding this case. Plaintiff further contravenes D.C. Local Rule 5.1(c)(1), by naming an unidentified security guard as a defendant, also with no corresponding address. *See id.* at 2–3.

Plaintiff's allegations themselves fare no better. He alleges that, on or about April 3, 2025, he was at the Moultrie Courthouse, going through the security line, when a security guard noticed, through the x-ray machine, that plaintiff had scissors in his bag. *See id.* at 4. Although plaintiff offered to take them out himself, the security guard allegedly ripped into the bag, damaging it, confiscated the scissors, and then publicly reprimanded plaintiff. *See id.* Plaintiff asserts that defendants infiltrated his mind and emotions, "violating" him "psychologically," while breaching his First Amendment right of "consciousness." *See id.* at 4–5. He further contends that these actions violated several provisions of the D.C. Criminal Code, including intent to kill, intent to commit sexual assault, intent to commit assault with a weapon, and intent to commit harm or bodily injury. *See id.* at 3–4. He demands over $10 billion in punitive and "exemplary" damages. *See id.* at 5.

First, plaintiff has failed to establish subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff has not stated a federal question. *See* 28 U.S.C. § 1331. Although he references the First Amendment, and even in affording plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), he does not state an actionable claim. The First Amendment holds that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. amend. I. None of plaintiff's allegations support a purported violation of those protections. As here, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and plaintiff cannot "merely invoke" legal buzzwords "in the course of a claim's narrative and automatically be entitled to pursue relief," *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990). Put differently, "[e]vents may not have unfolded as [p]laintiff wished, but his dissatisfaction" does not, standing alone, "form a basis" of a First Amendment violation. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). Therefore, he has not stated a federal question.

Plaintiff has also failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Thus, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir.

1983)). As noted above, plaintiff does not provide his address, let alone his state citizenship.[1] *See* Compl. at 1, 3.

Assuming that plaintiff is a citizen of the District of Columbia, he has still failed to establish diversity jurisdiction, because the Superior Court is *non sui juris*, *see Kundrat v. Dist. of Columbia*, 106 F. Supp. 2d 1, 8 (D.D.C. 2000), and even if he had properly sued the District, "[t]he District of Columbia is not considered a 'citizen' of a state, and thus cannot be sued under the diversity statute in federal court," *Simms v. Dist. of Columbia Gov't*, 646 F. Supp. 2d 36, 38 (D.D.C. 2009) (citing *Long v. Dist. of Columbia*, 820 F.2d 409, 413 (D.C. Cir. 1987)). And even if the District could be sued, it appears that all of the parties, including the security guard, are located in the District, thus defeating complete diversity. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

Finally, the court finds that plaintiff's claims that defendants publicly attempted various heinous crimes in the security line, and exerted mind control over him are frivolous. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"). Similarly, in light of the allegations presented and the alleged injury sustained, plaintiff's claim for $10 billion plus in

---

[1]     Insofar as plaintiff attempts to bring this matter on behalf of "Omniverse Industries," a purported corporation located in the District and New York, *see* Compl. at 3, he may not do so, because a *pro se* litigant can generally represent only himself in federal court, *see* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004), and furthermore, a corporation can neither appear in federal court without counsel, *see Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990), nor may it proceed IFP, *see Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006).

damages is also frivolous. *See Shells v. NRA*, No. 23-cv-02335, 2023 WL 11658586, at *1 (D.D.C. Sept. 13, 2023) (dismissing complaint for lack of subject matter jurisdiction where plaintiff demanded a "frivolous amount" in damages and made "no other attempt to quantify damages[.]") (citing *Carroll v. Merriwether*, 921 F. Supp. 828, 830 (D.D.C. 1996) (dismissing complaint for lack of subject matter jurisdiction where plaintiff's alleged amount in controversy was "utterly frivolous")).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   May 1, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge